## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-40059

United States Court of Appeals
Fifth Circuit

**FILED**

May 12, 2017

Lyle W. Cayce
Clerk

THOMAS DAVIS,

      Plaintiff - Appellant

v.

DYNAMIC OFFSHORE RESOURCES, L.L.C.,

      Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas

Before JONES, CLEMENT, and ELROD, Circuit Judges.

EDITH BROWN CLEMENT, Circuit Judge:

Dynamic Offshore Resources LLC ("Dynamic") owns and operates offshore platforms in the Gulf of Mexico. Thomas Davis, a crane mechanic employed by Gulf Crane Services, was allegedly injured during a personnel-basket transfer to Dynamic's 86A platform. No Dynamic employees were present at the 86A platform. Independent contractors employed the lead operator, the crane operator, and all other workers on the platform. Davis brought suit against Dynamic for negligence and gross negligence. The district court granted summary judgment to Dynamic, holding that it was not vicariously liable for the alleged negligence of its independent contractors.

No. 16-40059

Davis appeals the district court's grant of summary judgment to Dynamic. We AFFIRM.

I

On March 26, 2013, a Gulf Crane employee told Davis that a winch on a crane on Dynamic's 86B platform had not passed inspection and needed to be replaced. A new winch was located at the 86A platform. When Davis arrived by boat at the 86A platform, an equipment transfer basket lowered the winch into the boat. Another worker was lowered into the boat via personnel-basket transfer and informed Davis that they were going to change the winch at the 86B platform.

Davis decided to delay replacing the winch because of safety concerns related to wind. Davis's "stop work authority" authorized him to stop work "at all times." He needed to inform Dynamic's foreman, who was on another platform, of his decision to delay the work. Instead of contacting the foreman by radio from the boat, Davis asked the crane operator to transport him to the 86A platform via personnel basket so he could call the foreman privately from the phone located on the platform.

As Davis was being lifted, the personnel basket suddenly dropped six to eight feet. Davis testified at his deposition that the drop occurred because the crane operator swung the personnel basket *into* the wind when he should have swung it *with* the wind. After the drop, the crane operator continued the transfer until Davis was on the 86A platform. Davis testified that he immediately "felt pain in [his] shoulder, [his] back, [his] knees" after the drop.

II

This court reviews *de novo* an order granting summary judgment, "applying the same standard as the district court." *Vela v. City of Houston*, 276 F.3d 659, 666 (5th Cir. 2001). Summary judgment is appropriate "if the movant

No. 16-40059

shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Fed. R. Civ. P. 56(a).

## III

"It is well established that a principal is not liable for the activities of an independent contractor committed in the course of performing its duties under the contract." *Bartholomew v. CNG Producing Co.*, 832 F.2d 326, 329 (5th Cir. 1987). Louisiana law recognizes two exceptions to this general rule: (1) "a principal may not escape liability arising out of ultrahazardous activities which are contracted out to an independent contractor"; and (2) "a principal is liable for the acts of an independent contractor if he exercises operational control over those acts or expressly or impliedly authorizes an unsafe practice." *Id.* There are two issues on appeal: (1) whether personnel-basket transfers are ultrahazardous activity; and (2) whether Dynamic authorized an unsafe working condition.

First, personnel-basket transfers are not ultrahazardous activity because they "require substandard conduct to cause injury." *Ainsworth v. Shell Offshore, Inc.*, 829 F.2d 548, 550 (5th Cir. 1987). Evidence that the transfer was made in high winds is irrelevant to whether personnel-basket transfers are ultrahazardous. "Whether an activity qualifies as ultrahazardous under the Louisiana doctrine is a question of law." *Hawkins v. Evans Cooperage Co.*, 766 F.2d 904, 907 (5th Cir. 1985). Louisiana law considers only whether an activity is *per se* ultrahazardous, not whether an activity in *specific* conditions is ultrahazardous. *See, e.g.*, *id.*; *O'Neal v. Int'l Paper Co.*, 715 F.2d 199, 201–02 (5th Cir. 1983). Davis's counsel conceded at oral argument that a personnel basket transfer is not "in and of itself" ultrahazardous. We agree. *See, e.g.*, *Newman v. KMJ Servs., Inc.*, No. 04-2518, 2006 WL 3469563, at \*2 (E.D. La. Nov. 30, 2006) (holding that personnel-basket transfers are not ultrahazardous).

3

No. 16-40059

Second, we hold that Dynamic did not authorize an unsafe working condition. If "work is done in an unsafe manner, the [principal] will be liable if he has expressly or impliedly authorized the *particular manner* which will render the work unsafe, and not otherwise." *Ewell v. Petro Processors of La., Inc.*, 364 So.2d 604, 606–07 (La. App. 1st Cir. 1978) (emphasis added). Davis presented evidence that, on the day of the accident, Dynamic's foreman ordered Davis to replace the crane winch on Dynamic's 86B platform. But Davis does not present any evidence that Dynamic ordered him to make a personnel-basket transfer to the 86A platform in high winds. To the contrary, it is undisputed that Davis *requested* a personnel-basket transfer to the 86A platform. Davis admitted at his deposition that he could have exercised his stop work authority if he "felt it too unsafe to do that transition from the platform to the boat to the 86A [platform]." Dynamic was "entitled to rely on the expertise of its independent contractor" in operating the personnel-basket transfers. *Hawkins*, 766 F.2d at 908. Dynamic did not have the duty to supervise to ensure that its "independent contractor performs its obligations in a reasonably safe manner." *Id.* Even accepting Davis's evidence as true and viewing it in the light most favorable to him, Dynamic did not *authorize*— either expressly or impliedly—an unsafe working condition that caused injury to Davis.

IV

We AFFIRM the judgment of the district court.

4